## MOORE et al. v. HOUSTON OIL CO.
### (No. 7106.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 27, 1924.)

Evidence ⊜—16—Mines and minerals ⊜—117— Prior equitable lien on materials furnished lessee denied for insufficiency of record to sustain facts asserted as basis for recovery; term "drilling equipment" not so universally known as to compel judicial notice that it embraces casing, casing shoes, and clamps.

In a suit by lessors to establish a prior equitable lien under Vernon's Ann. Civ. St. Supp. 1918, art. 5639a, on "casing," "casing shoes," and "clamps" furnished by intervener, based on asserted prior recording of lease contract giving lessors upon lessee's default right to possession of "drilling equipment" placed on leased premises, failure of record to show lease contract was recorded prior to the sale by intervener of material to lessees, and that the specific material designated constituted a part of the "drilling equipment" as that term was used in the contract or contemplated by the parties, held to justify denial of relief; the practical meaning of "drilling equipment" and use of materials designated not being so universally known as to compel judicial notice that the general term "drilling equipment" embraces the specific materials mentioned.

Error from District Court, Val Verde County; Joseph Jones, Judge.

Suit by J. B. Moore and others against A. G. Richardson and others, in which the Houston Oil Company intervened. Plaintiffs were granted partial relief, and they bring error. Affirmed.

John J. Foster and Ben F. Foster, both of Del Rio, for plaintiffs in error.

H. O. Head, of Sherman, and Kennerly, Williams, Lee & Hill, W. H. Blades, and T. M. Kennerly, all of Houston, for defendant in error.

SMITH, J. J. B. Moore and others executed an oil and gas lease upon certain lands owned by them in Val Verde county to A. G. Richardson and others, who obligated themselves to diligently drill a well in the land to a depth of 3,500 feet if oil in paying quantities should not be produced at a lesser depth. A penalty clause in the contract provided that:

"In the event of failure or refusal on the part of these lessees or their assigns to keep and perform the above agreements and stipulations, this lease shall terminate as to both parties, and any and all drilling equipment placed thereon shall be forfeited to said lessor as liquidated damages."

Moore and his colessors brought this action, alleging that Richardson and his colessees had defaulted in their obligations and abandoned the lease, and praying for can-

cellation of the lease, for removal of cloud from title, and for judgment for the "drilling equipment" and all other improvements placed on the lease by the lessees as "liquidated damages," or, in the alternative, for establishment and foreclosure of an equitable lien upon the equipment and other improvements "according to the spirit of said contract to compensate plaintiffs." They did not allege that they had been injured or damaged by the alleged default of the lessees, but concluded their petition with the usual prayer for general and special relief.

After the action was instituted the Houston Oil Company intervened in the suit, alleging that the original lessees had theretofore assigned to it a part of their lease, and that on the same day it had sold to said lessees, upon a written contract, 3,200 feet of "6⅝-inch casing," a "casing shoe," and a "set" of "6⅝-inch clamps"; that the lessees had purchased said material from interveners entirely on credit, agreeing to pay a specified price therefor within six month, or to then return it to interveners, who reserved title in the material to secure payment therefor or return thereof, as stipulated. The intervening oil company further alleged that said material was then delivered to the lessees, who placed it upon the leased premises; that the lessees had defaulted in the payment of the purchase price; and prayed for judgment for the material, or, in the alternative, for the value thereof with foreclosure of a mortgage lien thereon, which it had asserted as an alternative.

The cause was tried by the court without a jury, and judgment was rendered in favor of the lessors canceling the lease, and removing cloud, and for all the "drilling equipment," improvements, and materials situated on the leased premises, except the casing, casing shoe, and clamps sold to the lessees by the intervener Oil Company, which obtained judgment for those materials, with authority to go upon the premises and remove them therefrom. The original lessees have not appealed, but Moore and his colessors have prosecuted writ of error upon the sole contention that it was entitled to judgment for the material claimed and recovered by the intervener.

Plaintiffs in error, Moore and his associates, the lessors, present but one assignment of error here, in which it is contended that the lease contract, embracing the forfeiture clause quoted above, was of record prior to the time the oil company sold to the lessees the material in controversy, thus charging the oil company with notice of the lessors' prior and superior right to and lien upon all drilling equipment placed on the lease, in event the lessees defaulted in their obligations; that by reason of these facts the oil company was estopped to claim a superior right to or lien upon that material which constituted a part of the "drilling equipment"

mentioned in the lease contract, and within the contemplation of the parties to the original lease contract. This contention, and the assignment of error upon which it is predicated, must be overruled. A careful examination of the "statement of the evidence" contained in the transcript, and of the facts admitted in the pleadings fails to disclose any affirmative evidence or admission that the lease contract was filed for record prior to the sale of the material in question to the lessees, and thus the very foundation of plaintiffs in error's contention fails. Moreover, it may be further said that there is no evidence in the record that the material in controversy constituted a part of the "drilling equipment" as that term is used in the contract, or contemplated by the parties, and we cannot say the practical meaning of that technical term, and the uses of materials designated as "casing," "casing shoes," and "clamps," are so universally known as to compel judicial notice of the correctness of the contention that the general term embraces the specific material mentioned. It is for these reasons only that we overrule this contention; we do not pass upon the questions of whether or not, under Vernon's Ann. Civ. St. Supp. 1918, arts. 5639a et seq., the oil company's lien is made superior to that claimed by the lessors, or whether or not, in the absence of any allegations or proof of actual injury or damage, the lessors would be entitled to recover liquidated damages or other property or compensation because of the default of the lessees. We decide the case simply upon the one assignment presented, although, by asking for damages for delay, defendant in error has invited, and we have given, inspection of the entire record in search of error requiring reversal of the judgment. We have found no such error.

The judgment is affirmed.